IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CR-30-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEPHON TREVOR ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

On September 23, 2020, without a plea agreement, Stephon Trevor Ellis ("Ellis" or "defendant") pleaded guilty to possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) and 924 [D.E. 18, 40]. On February 3, 2021, the court sentenced Ellis to 90 months' imprisonment [D.E. 30, 31, 32, 41]. See United States v. Ellis, No. 21-4053, 2022 WL 986675, at *1 (4th Cir. Mar. 31, 2022) (per curiam) (unpublished). Ellis appealed his sentence as substantively unreasonable. See id. On March 31, 2022, the United States Court of Appeals for the Fourth Circuit affirmed. See id.

On July 8, 2025, proceeding pro se, Ellis filed a motion to vacate his sentence styled as a motion under 28 U.S.C. § 2241. See [D.E. 63]. On December 17, 2025, Ellis filed a motion to correct sentence under 18 U.S.C. § 3582(c)(2). See [D.E. 64]. On December 18, 2025, the court notified Ellis that his motion to vacate did not substantially follow the applicable form for motions to vacate and directed Ellis to return the proper form within fourteen days of notification. See [D.E. 65]. On January 13, 2026, Ellis filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255 using the proper form. See [D.E. 68].

In his first motion to vacate, Ellis argues that his conviction is invalid because of a recent executive order and case from the United States Court of Appeals for the Third Circuit. See

[D.E. 63] 1–2. In his section 3582(c)(2) motion, Ellis asks the court to reduce his sentence to time served and argues that the court miscalculated his advisory guideline range by incorrectly scoring his criminal history. See [D.E. 64] 1–4. In his second motion to vacate, Ellis argues that the court lacked subject-matter jurisdiction over his case and miscalculated his advisory guideline range. See [D.E. 68] 4–5. The court directed the United States to respond to Ellis's section 3582(c)(2) motion. See [D.E. 66].

On March 2, 2026, the United States responded. See [D.E. 76]. The United States asks the court to treat Ellis's section 3582(c)(2) motion as a motion under 28 U.S.C. § 2255. See id. at 3–5.

Ellis's motion under section 3582(c)(2) motion seeks to challenge his sentence. To do so, Ellis must file a motion under 28 U.S.C. § 2255. Cf. [D.E. 68]. The court may construe Ellis's section 3582(c)(2) motion as one seeking relief under section 2255 if Ellis consents. See Castro v. United States, 540 U.S. 375, 381–82 (2003). A court, however, cannot "recharacterize a pro se litigant's motion as the litigant's first [section] 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or amend, the filing." Castro, 540 U.S. at 377; see United States v. Blackstock, 513 F.3d 128, 134–35 (4th Cir. 2008). The court informs Ellis that second or successive motions under section 2255 are generally prohibited and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. See 28 U.S.C. § 2255(h). Certifications for second or successive motions to vacate are rarely granted. The court also informs Ellis that the Antiterrorism and Effective Death Penalty Act provides that section 2255 motions have a one-year statute of limitations period. See id. § 2255(f).

2

The clerk shall send Ellis a form section 2255 petition together with this order. Ellis may express his consent by refiling all the section 2255 claims that he wishes to raise on the court's form section 2255 petition on or before March 27, 2026. See Castro, 540 U.S. at 383. If Ellis consents to the conversion, the court will treat Ellis's original motion as filed on July 8, 2025, but expresses no opinion on the timeliness of that motion. Cf. Mayle v. Felix, 545 U.S. 644, 650, 659–64 (2005); Gray v. Branker, 529 F.3d 220, 241–42 (4th Cir. 2008); United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000). If Ellis does not respond to this order, the court will not recharacterize the section 3582(c)(2) motion as one seeking relief under section 2255 and will rule on the claims in Ellis's motions as he has presented them.

In sum, the court DIRECTS the clerk to send defendant a form section 2255 motion together with a copy of this order. Defendant shall have until March 27, 2026, to file any response to this order. The response of the United States to any of defendant's filings is extended until April 17, 2026.

SO ORDERED. This __5__ day of March, 2026.

JAMES C. DEVER III
United States District Judge