IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 2:20-CR-30-D
No. 2:25-CV-37-D

| | | |
|---|---|---|
| STEPHON TREVOR ELLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On July 8, 2025, Stephon Trevor Ellis ("Ellis" or "petitioner"), proceeding pro se, moved to vacate his sentence styled as a motion under 28 U.S.C. § 2241 [D.E. 63]. On December 17, 2025, Ellis moved to correct his sentence under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 64]. Ellis's release date is April 10, 2027. See Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (search by inmate name) (last visited July 1, 2026). On December 18, 2025, the court notified Ellis that his motion to vacate did not substantially follow the applicable form for motions to vacate and directed Ellis to return the proper form within 14 days of notification [D.E. 65]. On January 13, 2026, Ellis moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 using the proper form [D.E. 68]. On March 2, 2026, the government responded in opposition to Ellis's section 3582 motion [D.E. 76].

On March 6, 2026, the court directed the clerk to send Ellis a form section 2255 motion and notified Ellis that because his section 3582 motion sought to challenge his sentence, he must file a section 2255 motion by March 27, 2026, or the court would rule on the claims in Ellis's

motions as he has presented them [D.E. 77]. Ellis did not file another motion. On April 17, 2026, the government moved to dismiss Ellis's section 2255 motion for failure to state claim [D.E. 78] and filed a memorandum in support [D.E. 79]. That same day, the government filed a supplemental response to Ellis's section 3582 motion [D.E. 80]. On April 20, 2026, the court notified Ellis of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 81]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Ellis did not respond. As explained below, the court denies Ellis's section 3582 motion, grants the government's motion to dismiss Ellis's section 2255 motion, and dismisses as untimely Ellis's section 2255 motion.

I.

From 2016 to 2019, Ellis received state felony convictions for possession of a firearm by a felon, conspiracy to commit breaking and entering, breaking and entering, possession with intent to sell or deliver heroin, and possession with intent to sell or deliver cocaine. See Presentence Investigation Report ("PSR") [D.E. 20] ¶¶ 21–23. Ellis's other prior felony convictions include attempted robbery and possession of a stolen motor vehicle. See id. ¶¶ 15, 20.

On January 21, 2020, Ellis was involved in two single-vehicle collisions. See id. ¶ 6. When law enforcement responded to the second collision, they observed that Ellis was the driver and sole occupant of his vehicle. See id. Law enforcement also recovered a loaded .40 caliber firearm from behind his driver's seat. See id. On July 15, 2020, a federal grand jury in the Eastern District of North Carolina charged Ellis with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See [D.E. 1]. On July 23, 2020, law enforcement arrested Ellis. See PSR ¶ 7. Upon his arrest, Ellis admitted that he was under the influence of Xanax during the second collision, that he had stolen the recovered firearm, that he actively sold various

2

narcotics, including cocaine, cocaine base (crack), heroin, marijuana, and fentanyl, and that earlier that day he had sold cocaine base (crack) to unknown individuals. See id.

On September 23, 2020, the court held Ellis's arraignment and Rule 11 proceeding. See [D.E. 18]; Rule 11 Tr. [D.E. 40]. The court advised Ellis of his rights to a jury trial, to plead not guilty to the charges against him, to be represented by counsel at all proceedings including trial, to confront and cross-examine witnesses, to offer evidence at trial, to use the subpoena power of the court to compel the attendance of witnesses at trial, the right to testify at trial, and the right not to testify at trial. See Rule 11 Tr. 3–4; Fed. R. Crim. P. 11(b)(1)(B)–(E). The court advised Ellis that if he pleaded guilty, he would waive the right to a jury trial and the other trial rights as to any charge to which he pleaded guilty. See Rule 11 Tr. 5; Fed. R. Crim. P. 11(b)(1)(F). The court explained the sentencing process and the consequences of pleading guilty. See Rule 11 Tr. 5–10; Fed. R. Crim. P. 11(b)(1)(O). The court also explained the court's authority to order restitution, impose a special assessment, and order a term of supervised release. See Rule 11 Tr. 7, 16; Fed. R. Crim. P. 11(b)(1)(K)–(L). The court then asked Ellis and his counsel a series of questions concerning the court's advisement of rights, the defendant's capacity to knowingly and voluntarily enter a plea, and the representation by counsel. See Rule 11 Tr. 11–13.

As part of the Rule 11 process, the clerk placed Ellis under oath, and the court warned Ellis that his answers to the court's questions were subject to the penalty of perjury and that if Ellis lied to the court, he could be prosecuted for making a false statement. See Rule 11 Tr. 13–14; Fed. R. Crim. P. 11(b)(1)(A). The court asked Ellis if he heard and understood the court when it described his rights under the Constitution and laws of the United States. See Rule 11 Tr. 14. Ellis stated that he did. See id. Ellis also affirmed that he heard and understood all the other questions that the court asked. See id. at 15. Ellis's counsel at the hearing stated that he did not have any reason

3

to doubt Ellis's competency to proceed with the Rule 11 hearing. See id. The Assistant United States Attorney also stated that she had no reason to doubt Ellis's competency to proceed at the Rule 11 hearing. See id. The court then found Ellis to be competent and confirmed his intent to plead guilty to the charge in the indictment. See id.

The court then explained to Ellis the charge in the indictment, the potential penalties for that charge, and the indictment's forfeiture allegation. See id. at 15–16; Fed. R. Crim. P. 11(b)(1)(G)–(J). Ellis affirmed that he understood all the possible consequences of pleading guilty, that he had an absolute right to plead not guilty to the charge in the indictment, and that if he pleaded not guilty, he would enjoy all of the trial rights mentioned by the court with respect to that charge. See Rule 11 Tr. 16–17. The court then explained the court's obligation to calculate the applicable advisory guideline range, to consider that range and any possible departures, and that the court would determine Ellis's sentence and announce the sentence in court. See id. at 17–18. The court also advised Ellis that any estimate of his potential sentence from anyone is not binding on the court and that any incorrect estimate would not provide a basis for withdrawing his guilty plea. See id.

The court then asked Ellis if anyone threatened or forced him into pleading guilty to the charge. See id. at 18. Ellis answered, "No, sir." Id. The court also asked Ellis if anyone made a promise to him or anyone else to make Ellis plead guilty. See id. Ellis replied, "No, sir." Id. Without a written plea agreement, Ellis pleaded guilty to the charge. See id. 16–21. The Assistant United States Attorney offered a factual basis for the guilty plea to the charge, including the interstate nexus. See id. at 21–22. The court accepted Ellis's guilty plea to the charge in the indictment. See id. at 22–23.

4

On February 3, 2021, the court held Ellis's sentencing hearing. See [D.E. 30]. The court calculated Ellis's total offense level to be 23, his criminal history category to be V, and the advisory guideline range to be 84 to 105 months' imprisonment. See Sent'g Tr. [D.E. 41] 5. After considering the relevant 3553(a) factors and declining an upward departure under U.S.S.G. § 4A1.3, the court sentenced Ellis to 90 months' imprisonment. See id. at 5–25; [D.E. 31, 32].

Ellis appealed. On February 17, 2021, the United States Court of Appeals for the Fourth Circuit appointed the Federal Defender for the Eastern District of North Carolina to represent Ellis in his appeal. See [D.E. 37]. On September 11, 2024, the Fourth Circuit affirmed the procedural and substantive reasonableness of Ellis's sentence. See United States v. Ellis, No. 21-4053, 2022 WL 986675, at *1 (4th Cir. Mar. 31, 2022) (per curiam) (unpublished). On October 3, 2022, the Supreme Court denied certiorari. See Ellis v. United States, 143 S. Ct. 213 (2022) (mem.).

On July 9, 2024, Ellis moved for a sentence reduction. See [D.E. 48, 49, 51]. On November 11, 2024, the court denied Ellis's motion. See [D.E. 53]. Ellis appealed. On March 14, 2025, the Fourth Circuit affirmed the district court's order. See United States v. Ellis, No. 24-7086, 2025 WL 817160, at *1 (4th Cir. Mar. 14, 2025) (per curiam) (unpublished).

II.

As for Ellis's section 3582 motion, a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United

5

States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (cleaned up). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (cleaned up). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

6

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

The court assumes without deciding that Ellis exhausted administrative remedies. Ellis argues that the court miscalculated his advisory guideline range by incorrectly scoring his criminal history. See [D.E. 64] 1–4 (citing Mathis v. United States, 579 U.S. 500 (2016); and United States

7

v. Simmons, 649 F.3d 237 (4th Cir. 2011)). Thus, Ellis asks the court to reduce his sentence from 90 months' imprisonment to time served. See id. at 1, 4.

Ellis cites nothing in U.S.S.G. § 1B1.13(b) or any applicable retroactive change to a guideline or his statutes of conviction. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors concerning a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Ellis fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i); Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Instead, Ellis solely seeks to challenge the validity of his sentence, but "a compassionate release motion is not a vehicle for raising such a claim." Fernandez, 146 S. Ct. at 1306; see id. at 1305. Section 2255 "is the exclusive method of collaterally attacking a federal conviction or sentence," Ferguson, 55 F.4th at 270, and Ellis may not use a section 3582 motion to "forge a path for bypassing" section 2255's requirements. Fernandez, 146 S. Ct. at 1306. Thus, the court denies Ellis's section 3582 motion.

Alternatively, even if Ellis demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Ellis's motion. See Concepcion v. United States, 597 U.S. 481, 499–502 (2022);

8

Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. The court has considered the entire record, the section 3553(a) factors, and Ellis's arguments. The court also has considered the need to punish Ellis for his serious criminal behavior, to incapacitate Ellis, to promote respect for the law, to deter others, and to protect society from Ellis. Given the entire record, the court denies Ellis's section 3582 motion. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

## III.

As for Ellis's section 2255 motion, he contends that the court lacked jurisdiction and miscalculated his advisory guideline range by incorrectly scoring his criminal history. See [D.E. 68] 4–5. Ellis alleges that the government failed to state how it would prove "affecting interstate commerce" if he proceeded to trial, that he pleaded guilty to an offense of which the court had no federal-question jurisdiction, and that the government thus failed to state a claim upon which relief could be granted. See id. at 4. Ellis also argues that the court miscalculated his

9

advisory guideline range by incorrectly counting certain state convictions towards his criminal history. See id. at 5 (citing Mathis, 579 U.S. 500; and Simmons, 649 F.3d 237).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests a section 2255 motion's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a section 2255 motion's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Ellis's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

10

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); United States v. Green, 67 F.4th 657, 663 (4th Cir. 2023); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

On October 3, 2022, the Supreme Court denied certiorari. See Ellis, 143 S. Ct. 213. Ellis's judgment became final on October 3, 2022, and his time to file a section 2255 motion ended on October 3, 2023. See Clay v. United States, 537 U.S. 522, 527 (2003). Ellis, however, did not file his section 2255 motion until January 13, 2026. See [D.E. 68]. Thus, Ellis's section 2255 motion is untimely under section 2255(f).[1] Furthermore, Ellis has not plausibly alleged that any governmental action prevented him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme Court, or that his motion is based on facts that he could not have discovered earlier through the exercise of due diligence. Instead, Ellis argues that his petition is timely either because (1) the court returned his incorrect filing and ordered him to file on the correct form or (2) because his institution entered security lockdown on October 9, 2025. See id. at 10. But requiring Ellis to conform with the court's local rules did not bless the timeliness of Ellis's motion. See [D.E. 65] (citing Local Civil Rule 81.2 and Rule 2(c) of the Rules Governing § 2255 Proceedings). The court also notified Ellis that "section 2255 motions have a one-year

---

[1] The same conclusion is true even if the court looked to June 27, 2025, the date of Ellis's first improperly-filed motion to vacate his sentence. See Pet'r's Mot. [D.E. 63] ("Originally filed on 6/27/2025 in the Eastern District of Pennsylvania as a 2241 matter.").

11

statute of limitations period." [D.E. 77] 2. Moreover, Ellis's institution entering lockdown in October 2025 is irrelevant to Ellis missing his October 2023 filing deadline. Thus, the court dismisses Ellis's section 2255 motion as untimely under section 2255(f).

Alternatively, Ellis procedurally defaulted his claims by failing to raise them on direct appeal. See Ellis, 2022 WL 986675, at *1. In his appeal, Ellis only argued that his sentence was "substantively unreasonable because mitigating factors such as his difficult childhood, mental health issues, history of substance abuse, and desire to turn his life around warranted a lower sentence." Id. Section 2255 "imposes tight procedural constraints" on the scope of a movant's claims. Fernandez, 146 S. Ct. at 1300. "[C]laims not raised on direct review are procedurally defaulted unless the prisoner can demonstrate cause and prejudice, or else actual innocence." Id. (cleaned up); see Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Carr, 271 F.3d 172, 178 (4th Cir. 2001) (holding that the same applies to subject-matter jurisdiction arguments about the interstate-commerce element of a crime); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Ellis did not raise his jurisdiction or criminal-history claims on direct appeal and has not demonstrated cause and prejudice or actual innocence to excuse this failure.

Alternatively, the claims fail on the merits. The court had subject-matter jurisdiction, and the sentence was lawful. See [D.E. 40] 22–23; [D.E. 41] 4–5; 18 U.S.C. § 3231; Ellis, 2022 WL 986675, at *1.

After reviewing the claims presented in Ellis's motion, the court finds that reasonable jurists would not find the treatment of Ellis's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of

12

appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IV.

In sum, the court DENIES petitioner's motion to correct his sentence [D.E. 64], GRANTS respondent's motion to dismiss petitioner's motion to vacate [D.E. 78], DISMISSES petitioner's motions to vacate [D.E. 63, 68], and DENIES a certificate of appealability.

SO ORDERED. This _1_ day of July, 2026.

JAMES C. DEVER III
United States District Judge

13